Worden v City of Utica (2024 NY Slip Op 02628)

Worden v City of Utica

2024 NY Slip Op 02628

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

246 CA 23-00172

[*1]JEBADIAH S. WORDEN AND REBECCA WORDEN, PLAINTIFFS-APPELLANTS,
v
CITY OF UTICA, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

HARDING MAZZOTTI, LLP, ALBANY (PETER P. BALOUSKAS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ZACHARY C. OREN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered December 21, 2022. The order granted the motion of defendant City of Utica for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant City of Utica.
Memorandum: In this personal injury action, plaintiffs appeal from an order that granted the motion of the City of Utica (defendant) for summary judgment dismissing the complaint against it. We reverse.
At the outset of the action, Supreme Court issued a stipulated scheduling order, which provided that any summary judgment motions must be made within 120 days of the filing of the note of issue (see CPLR 3212 [a]). Following depositions and discovery, the note of issue was filed on April 14, 2022. Thus, the 120-day deadline expired on August 12, 2022. However, defendant did not move for summary judgment until August 23, 2022, 11 days beyond the deadline.
Defendant's motion was therefore untimely (see Brill v City of New York, 2 NY3d 648, 651 [2004]; Lozzi v Fuller Rd. Mgt. Corp., 175 AD3d 1815, 1816 [4th Dept 2019]; Mitchell v City of Geneva, 158 AD3d 1169, 1169 [4th Dept 2018]; see generally CPLR 3212 [a]) and, thus, defendant was required to demonstrate "good cause" for the untimeliness of the motion in its initial motion papers (CPLR 3212 [a]; see Brill, 2 NY3d at 652; Mitchell, 158 AD3d at 1169). Indeed, "[i]t is well settled that it is improper for a court to consider the 'good cause' proffered by a movant if it is presented for the first time in reply papers" (Mitchell, 158 AD3d at 1169; see Lozzi, 175 AD3d at 1816; Bissell v New York State Dept. of Transp., 122 AD3d 1434, 1434-1435 [4th Dept 2014]). Inasmuch as it is undisputed here that defendant did not proffer any good cause for the delay in its initial motion papers, the court erred in considering the motion and should have denied it as untimely (see Lozzi, 175 AD3d at 1816; Bissell, 122 AD3d at 1434; see generally Brill, 2 NY3d at 652-654).
Plaintiffs' remaining contentions are academic in light of our determination.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court